IVORY LITTLEFIELD *vs.* JAMES H. SMITH.

York. Opinion February 15, 1883.

*Referees. Award.*

So much of an award of referees, in a reference at common law, which provides as compensation for future damages for flowing land " that said S, his heirs *and assigns*, shall pay to said L, his heirs and assigns, the sum of nine dollars per annum, . . . so long as the land shall be flowed, . . . the said S, his heirs *and assigns*, to have the right to maintain flash-boards on said dam," &c. is not binding on the parties when in the agreement of reference the "assigns" of S are not referred to.

ON REPORT.

Complaint for flowage inserted in a writ dated April 29, 1880. At the trial the defendant relied upon the following agreement of reference and award of the referees thereon, marked A and B.

"*A.*—Know all men by these presents, that we, Ivory Littlefield and James Smith, both of Kennebunk, in the county of York, and state of Maine, have agreed to submit the demand made by

the said Littlefield against the said Smith for the flowage of land by reason of a mill and dam built by said Smith on Alewive brook in said Kennebunk, and the yearly damage, if any, hitherto sustained so far as recoverable, and the yearly damage, if any, which may.be sustained in future years on the part of said Littlefield, his heirs and assigns, as owners of land flowed by reason of said mill and dam, and whether said Smith shall be allowed flash or flush boards upon said dam as heretofore used, to be taken off from May 1 to November 15, annually — the compensation or damage, if any, to be an annual sum, and any other questions connected therewith, to the determination of William H. Deering of Saco, Woodbury Goodwin of Kennebunk, and John B. Maling of Kennebunkport — and the decision of said referees or a majority of them shall be final.

"And if either party neglects to appear before the referees after proper notice given to him of the time and place appointed for the hearing, they shall proceed in his absence.

"Dated this twenty-eighth day of October, A. D. 1879.

Witness, William Allen,                          Ivory Littlefield.
        Justice of the Peace.                     James Smith."

"*B.* — We, the undersigned, together with Wm. H. Deering of Saco, being authorized by the annexed agreement of submission entered into by Ivory Littlefield of the one part, and James Smith of the other part, having notified and met the parties and heard their several allegations, proofs and arguments, and duly considered the same, do determine and award that the above-named Ivory Littlefield, his heirs and assigns, shall recover of the said James Smith, his heirs and assigns, in full of all damages up to date of said agreement, the sum of twenty-seven dollars ($27.00) and that said Smith, his heirs and assigns, shall pay to said Littlefield, his heirs and assigns, the sum of nine dollars ($9.00) per annum, reckoned from the date of said agreement, so long as the land shall be flowed by reason of the dam and mill mentioned in said ageement, the said Smith, his heirs and assigns to have the right to maintain flush boards on said dam as he has hitherto done, from November 15 to May 1, of each year in the future, the said William H. Deering not

agreeing to this award. The said Smith shall also put the road crossing the mill pond above said mill in repair to the acceptance of Woodbury Goodwin.

Woodbury Goodwin.
John B. Maling."

*R. P. Tapley*, for the plaintiff.

*Bourne and Son*, for the defendant.

A claim for damages for flowage is proper subject of arbitration. *Gordon* v. *Tucker*, 6 Maine, 253; *Duren* v. *Getchell*, 55 Maine, 241; *Quinn* v. *Besse*, 64 Maine, 366.

And an arbitration is a bar to an action. R. S., c. 92, § 7.

This was a common law reference and cannot be avoided except for corruption, gross partiality or evident excess of power. *Tyler* v. *Dyer*, 13 Maine, 47. See *Wallis* v. *Carpenter*, 13 Allen, 19; *Adams* v. *McFarlane*, 65 Maine, 143.

It is unnecessary to prove a tender of performance of an award. *Duren* v *Getchell*, 55 Maine, 241.

The award as to repair of the road was beyond the authority of the arbitrators and so much of their award was void. *Day* v. *Hooper*, 51 Maine, 181; *Porter* v. *Buckfield*, 32 Maine, 539; *Merrill* v. *Gardiner*, 40 Maine, 232.

Of course it was not necessary to perform or tender performance of that part of the award which was bad.

The parol agreement as to future damages and use enlarged the powers of referees and was binding. *Vide, Snow* v. *Moses*, 53 Maine, 546; *Clement* v. *Durgin*, 5 Maine, 9; *Seymour* v. *Carter*, 2 Met. 520; *Smith* v. *Goulding*, 6 Cush. 154; *Cobb* v. *Fisher*, 121 Mass. 169.

DANFORTH, J. This is a complaint for flowage. The defence is a reference of the subject matter and an award of the referees. If the complainant is entitled to have commissioners appointed, the case is to be remanded for that purpose and for further proceedings, otherwise judgment for respondent. That it was competent for the parties to refer the subject matter cannot be questioned. No objection is made to the form of the reference

so far as it is in writing. The only question raised is as to the validity of the award.

Among many objections, it is claimed that the referees exceeded the authority given them, and it seems quite evident that they did so.

I. The submission is of a claim against Smith, the respondent, for past and future damage, the future to be an "annual sum," and also whether he "shall be allowed flash boards upon said dam as heretofore used." The award gives future damages at the rate of nine dollars per year "so long as the land shall be flowed by reason of the dam and mill mentioned in said agreement," and this is to be paid by "said Smith, his heirs and *assigns*," and further gives him and "his *assigns* the right to maintain flash boards on said dam as he has hitherto done." Thus the award gives rights to Smith's grantees whoever they may be, and compels the complainant to look to the same grantees for his compensation. That this is so at least at the option of Smith, is made certain from the fact that the time is limited only by the continuance of flowage by the dam and mill. This authority is not given by the submission. In that "assigns" of Smith are not referred to, neither is the time fixed; and we may well suppose that it was not intended to include assigns from the fact that an annual compensation was provided for. If a compensation was to be given for all time, it would have been more natural to have provided for a sale of the right and for a payment in a gross sum. It may well be doubted even if the parties had intended to have given this authority, if they could have done so. A judgment of court may have been a lien upon the mill for the yearly damage, but not so with the award of a referee under a common law submission, and it surely cannot bind the successor personally.

II. The referees award that "the said Smith shall also put the road, crossing the mill pond above said mill, in repair, to the acceptance of Woodbury Goodwin." Upon this matter the submission is silent. It is however claimed that this part of the award is authorized by a subsequent verbal agreement between the parties. This is denied by the complainant, and it is quite

clear that the evidence fails to sustain such an allegation. There was undoubtedly a talk between the parties about the road and what should be done to it, but nothing from which we can gather any distinct agreement as to a reference, or if so, what was to be referred. We could more easily find support for an allegation that the parties themselves agreed as to what should be done, and if there was to be any reference it was to some one or more to decide when it was repaired in accordance with such an agreement. But such an alleged agreement could hardly find support in the evidence reported, much less one that would authorize the award that the road was to be put in repair to the acceptance of Goodwin.

But if there was any such agreement it was never acted upon. It does not appear that Goodwin was appointed umpire in the matter by the other referees, or that Deering had any part in this matter, or that there was any authority here for less than the full number to act, and what is very significant, the referees in their award do not claim any such authority, but put it distinctly upon "being authorized by the annexed agreement," which agreement is in writing and makes no allusion to the road, unless it is found in the words, "and any other question connected therewith." But these words are too general and uncertain to enlarge the number of matters referred. But if thus found, the award would stand no better, for in those words there is no authority for Mr. Goodwin to make his judgment the test of the repairs to be made or for the other referees to appoint him to that position.

III. But another and equally serious objection to this part of the award, even if authorized by the written or by a verbal agreement, is the fact that it has not been performed. It is undoubtedly good law, as held in *Duren* v. *Getchell*, 55 Maine, 241, that "it is unnecessary to aver a tender of performance, unless the award is made conditional upon the performance of certain acts by the party claiming the benefit of it."

If the flowage affected this road in such manner as to make repairs necessary, as it appears from the report, its repair under the award would in effect be a condition precedent to the right

to flow. If the road is necessary, it is so in the beginning of the flowage as well as subsequently. It could not therefore be intended that the defendant should continue the flowing, thus making repairs necessary, then be permitted to compel the complainant to resort to an equity process to compel performance, or a suit at law to recover his damages. From the very nature of the case he must first prevent injury by repairs and thus save the necessity or danger of litigation and perhaps irreparable damage. It seems from the evidence that the road is still unrepaired and that the respondent does not propose to put it in repair in the future. His only excuse is that the complainant refuses to furnish the necessary gravel. This, however, cannot avail. The award puts the whole burden upon the respondent and that is not to be changed by oral evidence.

These objections are too material and are too closely connected with that part of the award which relates to the question of future damages to be separable from it. It is not perceived how they can have any bearing upon the amount awarded for past or why that part of the award should not be sustained. That, however, will not affect the maintenance of this process, and as provided in the report it may be remanded for further proceedings.

*Case remanded for further proceedings.*

APPLETON, C. J., BARROWS, VIRGIN, PETERS and SYMONDS, JJ., concurred.